UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:24-cr-253-RBD-RMN

MIGUEL ANGEL AGUASVIVAS
LIZARDO

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in an amount between $749,140 and $1,022,384[1], representing the proceeds involved in the conspiracy to engage in money laundering offense charged in Count One of the Indictment. In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

I. **Statement of Facts**

    A. **Allegations Against the Defendant**

    1. The defendant was charged in an Indictment with conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h). Doc. 1.

---

[1] The defendant disputes that this is the correct total amount. Specifically, the defendant disputes that the attempted transaction on February 11, 2022, for $273,244 constituted proceeds of unlawful activities. The parties intend on litigating this factual dispute at the sentencing hearing.

2. The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 982(a)(1), the United States would forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to an order of forfeiture. *Id.* at 4-5.

B. **Findings of Guilt and Admissions Related to Forfeiture**

3. Without the benefit of a plea agreement, the defendant pled guilty to Count One of the Indictment. Docs. 33, 36. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 37.

4. The Factual Basis of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, establishes the basis for finding that the defendant knowingly and willfully participated in a conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h). Specifically, on multiple occasions beginning no later than in December 2021 and continuing through April 11, 2024, the defendant personally laundered, or attempted to launder, at least $1,022,384 in drug proceeds. The defendant disputes that $273,244 of that amount constituted proceeds of unlawful activities. The parties intend on litigating this factual dispute at sentencing. *Id.* The chart below summarizes the key transactions/events involving the defendant and other co-conspirators. *Id.*

| Date | Agency | Transaction | Location |
|---|---|---|---|
| April 11, 2024 | DEA Group 12 | Pick up of approximately $170,000 by K.A., later stolen from K.A. during carjacking/kidnapping/murder of K.A. | Orlando, Florida |
| March 15, 2024 | DEA Group 12 | Money Drop by AGUASVIVAS for $111,000 while he was on Facetime with Co-Conspirator 2. | Pembroke Pines, Florida |
| February 11, 2022 | DEA Group 10 | Attempted money drop by AGUASVIVAS (with Co-Conspirator 1 in the car) of $273,244.00; the money was seized on this occasion by law enforcement. | Miramar, Florida |
| November 29, 2021 | FBI | Money Drop by AGUASVIVAS for $210,860 to purchase USDT cryptocurrency. | Miami, Florida |
| December 2, 2021 | FBI | AGUASVIVAS met with CHS and showed the CHS an image of a brick of cocaine and offered to provide a sample. | Miami, Florida |
| December 6, 2021 | FBI | Money Drop by AGUASVIVAS for $228,340 to purchase USDT cryptocurrency. Discussion with CHS about providing cocaine to the CHS. | Miami, Florida |
| December 8, 2021 | FBI | AGUASVIVAS provided a sample of cocaine to the CHS. | Miami, Florida |
| December 13, 2021 | FBI | AGUASVIVAS offered cocaine to CHS; stated he had received kilos of cocaine. | Communications only; no meeting. |
| December 14, 2021 | FBI | Money Drop by AGUASVIVAS for $98,940. | Miami, Florida |
| December 15, 2021 | FBI | Money Drop by AGUASVIVAS for $100,000 in cash for USDT cryptocurrency. | Miami, Florida |

## II. Applicable Law

### A. Forfeiture Statute

The Court's authority to enter an order of forfeiture against a defendant convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), is found in 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

### B. Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property the defendant laundered as part of the conspiracy, the United States seeks an order of forfeiture against the defendant in the amount of funds involved in the offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Rule requires this be done as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, and assuming *arguendo* that $273,244 of the $1,022,384 that the defendant transported on February 11, 2022, did not constitute proceeds of a specified unlawful offense, the defendant laundered or attempted to launder at least $749,140 as part of the conspiracy. If the Court finds that an amount between $749,140 and $1,022,384 represents the funds involved in the money laundering conspiracy offense and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in such an amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C) and Fed. R. Crim. P. 32.2(b)(2), enter an Order of Forfeiture against the defendant in an amount between $749,140 and $1,022,384, to be determined at sentencing.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

                Respectfully Submitted,

                GERGORY W. KEHOE
                United States Attorney

By:   *s/Jennifer M. Harrington*
       JENNIFER M. HARRINGTON
       Assistant United States Attorney
       Florida Bar No. 0117748
       400 West Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7500
       Facsimile: (407) 648-7643
       E-Mail: Jennifer.Harrington2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

                *s/Jennifer M. Harrington*
                JENNIFER M. HARRINGTON
                Assistant United States Attorney